148

# CIRCUIT COURT OF THE CITY OF SALEM

Joyce W. Earl et al.

    v.

Howard W. Boise

### Case No. CL12-257

Joyce W. Earl et al.

    v.

Ann G. Boise

### Case No. CL12-85

### January 14, 2013

By Judge Robert P. Doherty, Jr.

The Roanoke County Department of Social Services filed a petition to appoint a guardian and conservator for an elderly female nursing home resident. The allegation was that her daughter, a physician licensed in another state, without telling her mother's physician, inappropriately changed her mother's medication, even unlawfully dispensing medications that required a prescription from a licensed Virginia physician. Additional allegations included that the daughter gave her mother invasive medical exams and totally disrupted the nursing home facility by her angry and vociferous outbursts. She was ultimately barred from the nursing home under threat of arrest for trespass.

The Court initially appointed a local lawyer as guardian and conservator for the mother. After having observed the father and daughter interact at a face-to-face meeting, the mother's guardian called the police for assistance, fearing abuse of the elderly father at the hands of the physician daughter. The Department of Social Services then filed a petition for appointment of

a guardian and conservator for the father. The same lawyer was appointed to be guardian and conservator for the father, as he was familiar with the constantly changing situation and with the controversies among the various family members. The elderly father was placed in a nursing home, different from the one at which mother resided. In short order, the physician daughter found herself barred from that nursing home as well, also under threat of arrest for trespass.

The determination of whether the physician daughter's defenses to the appointment of a guardian and conservator for her parents were appropriate and reasonable required numerous hearings and presentations of evidence. Those affirmative defenses were not appropriate or reasonable given the facts of this case. The physician daughter's attorneys were numerous and fleeting, one even quit in the middle of a hearing.

The Roanoke County Attorney, representing the Department of Social Services throughout the entirety of these cases, managed to maintain stability, coherence, and kept the Court aware of the actual facts of the case, despite the allegations of the physician daughter. The actions of the County Attorney in protecting the well-being and assets of these needful elderly citizens went far beyond what is normally required of that office.

The request for attorney's fees and costs pursuant to § 64.2-2008, Code of Virginia (1950), as amended, is opposed by the physician daughter. She argues that this code section does not authorize the Court to grant attorney's fees to the county, but only allows the reimbursement of the initial filing fee and the costs of service of process.

A plain reading of § 64.2-2008 does not support the argument limiting the reimbursement to filing fees and service fees. The code section states in pertinent part that, "[i]f a guardian or conservator is appointed, the court shall order that the petitioner be reimbursed from the estate for all costs and fees if the estate of the incapacitated person is available and sufficient to reimburse the petitioner." Had the legislature intended to limit the reimbursement to only filing and service fees they would have done so. They did not. If the phrase "all costs and fees" were intended to mean only the nominal costs of filing and service, then the word "all" would be meaningless. A statutory construction is favored "which will render every word operative rather than one which makes some words idle and nugatory." *Harris v. Commonwealth*, 142 Va. 620, 623 (1925). In keeping with this construction, the Court finds that § 64.2-2008 includes reasonable attorney's fees and necessary costs in the phrase "all costs and fees."

Having reviewed the county attorney's time records for these protracted cases, the Court approves an award of fees and costs to the Roanoke County Department of Social Services/Roanoke County Attorney's Office in the amount of $4,370.76. The conservator and the Roanoke County Attorney can work out the details of that transfer of funds.